(No. 30421.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES HAWLEY, Plaintiff in Error.

*Opinion filed January 22, 1948—Rehearing denied March 15, 1948.*

James Hawley, *pro se.*

George F. Barrett, Attorney General, of Springfield, and C. W. Burton, State's Attorney, of Edwardsville, (A. Austin Lewis, of Granite City, and Kenneth F. Kelly, of Alton, of counsel,) for the People.

Mr. Chief Justice Murphy delivered the opinion of the court:

On June 26, 1936, three indictments were returned in the circuit court of Madison County, charging plaintiff in error with having participated with others in the commission of three separate felonies. In cause No. 4653 the indictment charged that plaintiff in error and two others, on February 28, 1936, while armed, robbed Henry Men-

sching of the amount of $40. In cause No. 4654 plaintiff in error, Frank Moore, and Curtis Steele were charged with having made felonious assault upon Richard Beuttel on March 4, 1936, with the intent to rob him. In cause No. 4655, the same codefendants named in No. 4654 and plaintiff in error were charged with having assaulted Richard Beuttel on March 4, 1936, with the intent to murder him. The record discloses that on July 2, 1936, plaintiff in error appeared in court in custody in each case, and was furnished with a copy of the indictment and a list of witnesses and jurors. He tendered a plea of guilty in each case. It also appears the court advised him of the consequences of his plea and that he persisted in entering a plea of guilty. Thereupon the court accepted the several pleas and sentenced plaintiff in error to terms in the penitentiary in each case. In No. 4653, the armed robbery case, he was sentenced for a term of one year to life. In each of the others he was sentenced for a term of one to fourteen years. The judgment orders in the latter two cases directed that the sentences were to run concurrently with each other, but no mention was made of the sentence imposed in the armed robbery case. This writ of error is prosecuted limited to a review of the common-law record. Plaintiff in error appears *pro se.*

The common-law record in the several cases imports verity and cannot be contradicted by allegations in plaintiff in error's brief or statements embodied in the assignment of errors. (*People* v. *Evans,* 397 Ill. 430; *People* v. *Arnold,* 396 Ill. 440; *People* v. *Conn,* 391 Ill. 190.) Plaintiff in error states that the judgments should be reversed for the reason that no counsel was appointed to represent him, and that this was in violation of his rights under the due-process clause of the fourteenth amendment. In *Betts* v. *Brady,* 316 U.S. 455, 86 L. ed. 1595, it was held that due process of law as required by the fourteenth amendment did not require that counsel be assigned to

an accused. It is firmly established by the decisions of this court that the right of one charged with crime to be represented by counsel is a matter personal to him. It is a right that he may waive or claim as he elects, and no duty rests upon the court to provide legal assistance for an accused unless he states upon oath, in accordance with section 2 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1947, chap. 38, par. 730,) that he is unable to procure counsel. *People* v. *Evans,* 397 Ill. 430; *People* v. *Bute,* 396 Ill. 588; *People* v. *Braner,* 389 Ill. 190.

Plaintiff in error states that after he was sentenced to imprisonment in each case he protested to the judge, stating that he wanted a lawyer, and that he had entered his plea of guilty on the representation of the State's Attorney that he would receive a penalty of one year in prison. It is stated in the brief that the trial court advised him that sentences had been imposed and that it was too late to consider such matter. There is no bill of exceptions and consequently there is no record showing such facts. Court records are so conclusive and final that the existence of the record or the facts recited therein cannot be contradicted or impeached by the affidavit of either parties to the record or bystanders, or by notes of a stenographer who reported the proceedings, or upon the recollection of the clerk of the court where the sentence was imposed. *People* v. *Evans,* 397 Ill. 430; *People* v. *Arnold,* 396 Ill. 440; *People* v. *Sprague,* 371 Ill. 627; *People* v. *Ambolo,* 343 Ill. 480; *Gillespie* v. *People,* 176 Ill. 238.

The rule is well settled that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions in the judgment to the contrary. (*People* v. *Wooten,* 392 Ill. 542; *People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) The provision in the judgments entered in causes No. 4654 and No. 4655 that the period of confinement in those cases should run concurrently did not change the rule or affect

the judgment that was entered in the robbery case. Under the law, the periods of imprisonment imposed by the three judgments ran concurrently. Plaintiff in error assumes such proposition to be true and contends that his completion of the service of imprisonment in No. 4654 and No. 4655 terminates the period of imprisonment imposed under No. 4653. The offense charged in cause No. 4653 was separate and distinct from the offenses charged in the other cases and there is nothing on the face of any of the judgments to indicate that the penalty imposed in No. 4653 should terminate whenever the period of confinement had ended in the other two cases. When plaintiff in error had completed the sentences imposed of one to fourteen years, he could be kept in the penitentiary to complete the service under No. 4653. *People* v. *Wooten*, 392 Ill. 542.

The errors assigned which may be considered on the common-law record are without merit and the judgments of the circuit court of Madison County are affirmed.

*Judgments affirmed.*